CARROLL, Judge.
This is an interlocutory appeal which challenges one provision of an order dealing with a trust.
Certain real estate was purchased and held in trust for a number of persons whose-percentage of beneficial ownership therein was varied. The property was mortgaged,, and there was a provision that the mort- *25 rgagors would not be personally liable.[1] The trust agreement required the beneficiaries 'to contribute, in proportion their interests, the amounts necessary to be paid on the mortgage from time to time, and upon failure of a beneficiary to do so another ■could advance the amount due from the former and be entitled to reimbursement and to a lien for enforcement thereof.[2]
The trust property was sold, and converted into cash in the net amount of $50,000. Prior to such sale certain of the beneficiaries had advanced mortgage payments which should have been made by ■others. The parties who made such advances for others were named beneficiaries ■of the trust at the time, but by the decree the chancellor held they were not entitled to ownership in the trust, and that the New York group was the owner of a 'hundred percent interest in the trust. How■ever, the decree added a provision that the •said parties who had made such advances for others, though declared to be no longer ■owners in the trust, were entitled to reimbursement from the trust property, that is, out of the money which then made up the corpus of the trust. That provision ■of the decree read as follows:
“5. The Estate of Max Rosenblum .-and The Drusin Group are creditors ■of the Tendler-Rosenblum Trust of 1956 by virtue of having paid mortgage interest and tax payments which were the obligation of the Tendler-Rosen-blum Trust of 1956. The Estate of Max Rosenblum and The Drusin Group are entitled to liens upon the entire corpus of the Tendler-Rosenblum Trust of 1956 in the amount of the mortgage and tax payments made by the said creditors on behalf of the Tendler-Rosenblum Trust of 1956.”
It should be noted that while thus declaring the rights of such parties to reimbursement in paragraph 5 of the decree, other provisions in the decree postponed a determination of the amounts due them and enforcement of their right to' reimbursement, and reserved jurisdiction to decide whether for other reasons their claims were barred in whole or in part.
The appellants contend that the quoted provision of paragraph 5 of the decree is erroneous. They argue it imposes a personal liability contrary to the provision of the mortgage note that it would be enforceable only against the mortgaged property. That argument is not sound. The parties seeking reimbursement are not enforcing the mortgage note but claim under the trust agreement which provided their right to reimbursement. Reimbursement is sought from the trust property (money), and not by personal judgment.
The appellants accepted the statement of facts and conclusions of law made by the chancellor in his decree, other than the said conclusion of law number 5, and for the reasons stated we find no error in the part of the decree singled out by appellants.
Affirmed.

. “No personal liability on the part of the Mortgagors shall be sought pursuant to this Promissory Note and the Mortgagee shall look only to the property which is encumbered by the Mortgage which secures this Note to enforce payment pursuant to this Note.”

. The paragraph of the trust instrument dealing with that feature included the following: “ * * * The party or parties making such payments will thereupon acquire and have a lien against the interest of the said beneficiary or beneficiaries, failing to make such contribution in the Trust Estate, for the amount or amounts so paid, together with interest thereon from date of payment at the rate of 6%, per annum, together with reasonable attorneys fees which may be incurred or sustained in connection with the enforcement of collection, which lien may be enforced or foreclosed in the same manner in which mortgage liens are enforced or foreclosed in the State of Florida. Such liens may be foreclosed 30 days after default of the defaulting beneficiary at the option of the Trustee or party holding such lien in the event such default has not been, cured within such time.”